**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARIBEL PARDO CARCASSE,

        *Petitioner*,

v.                                      Case No. 3:26-cv-1123-WWB-MCR

UNITED STATES ATTORNEY GENERAL,
et al.,

        *Respondents*.

_____

## ORDER

THIS CAUSE comes before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Berenice Alonso Pardo, on behalf of her mother, Maribel Pardo Carcasse ("**Petitioner**"), who is being detained by Immigration and Customs Enforcement ("**ICE**") at the Flagler County Correctional Institution. (Doc. 1). According to Pardo, ICE has detained Petitioner since November 2025 without a bond hearing, violating her due process rights. (*Id.* at 3–4). As relief, Pardo requests, *inter alia*, that the Court order Petitioner's immediate release, or order ICE to conduct a bond hearing. (*Id.* at 4). Pardo, as "next friend," has also filed an Emergency Motion for Temporary Restraining Order (Doc. 2), and a Motion to Expedite (Doc. 3).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common-law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149,

162 (1990).  But "'[n]ext friend' standing is by no means granted automatically . . . ."  *Id.* at 163.  The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts.  *Id.*

Pardo does not demonstrate that "next friend" status is appropriate.  While she alleges that she has "next friend standing" because Petitioner is confined, has limited access to legal resources, and limited English proficiency, there is no indication Petitioner is mentally incompetent or has been denied access to the courts.  Because Pardo does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Petitioner's behalf.  *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.")[1]; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Emergency Motion for Temporary Restraining Order (Doc. 2), and Motion to Expedite (Doc. 3) are **DENIED as moot**.

---

[1] Any unpublished opinions are cited as persuasive authority.  *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 5, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:
Maribel Pardo Carcasse, A244863343
Berenice Alonso Pardo

3